# NEW YORK COMMON PLEAS.

## JAMES FETTRITCH agt. EDWARD S. DICKENSON and PATRICK FORMLY.

A city *railroad company* or their employees have no right to regulate or prohibit travel on a public street where their track is laid.   A person has a right to travel with his horse and wagon upon every part of it without interference from any one.
Where the defendants, being in the employ of the Second avenue railroad company, forcibly ran the plaintiff's horse and wagon from the railroad track, breaking his wagon and seriously injuring his horse, *held*, that the act was clearly unlawful, and gave the plaintiff a right of action for his damages.

*General Term, October*, 1861.

APPEAL from a judgment of a district court.

By the court, HILTON, J. Second avenue is a public street of the city, a highway for all travelers, and common to all the people. (*Woolrych on Ways*, 3 ; *Austin's case*, 1 *Vent.*, 189 ; *Davis* agt. *The Mayor, &c. of New York*, 4 *Kern.*, 506.) The plaintiff therefore had an undoubted right to travel with his horse and wagon upon every part of it, without interference from any one. He was in no degree deprived of this right because the association known as the Second avenue railroad company had laid their track on a portion of the highway ; and the defendants, by being in the employ of the company, were invested with no power or authority to regulate or prohibit travel upon the street.

The fact that the part of the avenue which the plaintiff proposed to drive over, could be driven upon and used by the horses and cars of the railroad company, was evidence that the plaintiff might rightfully go there also, without the consent or interference of the defendants, or the railroad company which they claim to represent ; and, under the circumstances disclosed at the trial, their forcibly running the plaintiff's horse and wagon from the railroad track was clearly unlawful, and gave the plaintiff a right of action for the damages he sustained.

The evidence showed that in effecting the removal of the plaintiff, his wagon was broken and his horse so seriously injured that her value was reduced several hundreds of dollars ; but notwithstanding this, the justice gave judgment for the defendants, with costs, under the opinion, evidently, that the plaintiff had shown no cause of action.

This was an error, and the judgment should be reversed.